IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAWRENCE DAVID LONG, JR.,    )
                             )
         Plaintiff,          )
                             )
    v.                       )    1:04CV1111
                             )
BECTON, DICKINSON AND COMPANY, )
                             )
         Defendant.          )

<u>MEMORANDUM OPINION</u>

BEATY, District Judge.

This matter is before the Court on Defendant's unopposed Motion to Dismiss [Document #12] and unopposed Motion for Summary Judgment [Document #17]. For the reasons discussed below, Defendant's Motion to Dismiss [Document #12] and Motion for Summary Judgment [Document #17] will be GRANTED, and this case will be DISMISSED WITH PREJUDICE.

I.    FACTUAL BACKGROUND

Plaintiff Lawrence David Long, Jr. ("Plaintiff") filed this suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"), based on his contention that Defendant Becton, Dickinson and Company ("Defendant"), his former employer, discriminated against him by denying him a promotion. In his Complaint, Plaintiff contends that "I was denied promotion into these two levels by Defendants. I was over 40 years of age when I was denied. All other coworkers were under 40 years of age. I completed the same levels as coworkers." (Complaint

at III.) Defendant answered the Complaint, denying any discrimination and further contending that Plaintiff failed to timely file a charge of discrimination with the EEOC and failed to exhaust his administrative remedies prior to bringing suit.

An initial pre-trial conference was scheduled for June 27, 2005. Plaintiff requested a continuance of that pre-trial conference for "medical reasons," and the pre-trial conference was therefore continued until July 25, 2005. On July 22, 2005, Plaintiff again requested a continuance for "medical reasons," and the pre-trial conference was continued a second time until August 30, 2005. On August 29, 2005, one day before the pre-trial conference, Plaintiff requested a third continuance for "medical reasons," but no other explanation or evidence was provided. The Court denied this third continuance request based on the lateness of Plaintiff's motion and the unsubstantiated nature of his medical problems. (See Order dated September 12, 2005 [Document #15].) Plaintiff failed to appear for the scheduled pre-trial conference and has failed to participate or appear in this litigation since that time.

II.   MOTION TO DISMISS AS TO GENDER AND DISABILITY DISCRIMINATION

Defendant has filed a Motion to Dismiss [Document #12], contending that Plaintiff failed to state any discrimination claim based on his gender or disability, and noting that Plaintiff's EEOC charge was based only on alleged age discrimination. Plaintiff failed to respond to the Motion. In analyzing a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded allegations. See T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC, 385

2

F.3d 836, 841 (4th Cir. 2004). In the present case, after reviewing the allegations in Plaintiff's Complaint, the Court finds that Plaintiff's Complaint refers only to his age, and does not refer to his gender or alleged disability in any manner. As such, Plaintiff has failed to state a claim for gender discrimination or disability discrimination.

In addition, Plaintiff's EEOC charge alleged discrimination only on the basis of age, and Plaintiff therefore failed to exhaust his administrative remedies with respect to any alleged gender or disability discrimination. See Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 132 (4th Cir. 2002) ("Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC.") Therefore, to the extent Plaintiff purported to bring his claims pursuant to Title VII or the ADA for gender discrimination or disability discrimination, Defendant's Motion to Dismiss will be granted, and those Title VII and ADA claims will be dismissed.

III. MOTION FOR SUMMARY JUDGMENT AS TO AGE DISCRIMINATION

With respect to the remaining age discrimination claim, Defendant subsequently filed a Motion for Summary Judgment [Document #17] with supporting affidavits, arguing that Plaintiff has failed to offer any evidence in support of his claims and that Plaintiff had failed to establish any genuine issue of material fact with respect to his claims. Defendant also submitted evidence to establish that Plaintiff failed to complete the required training and assessment to be eligible for the "promotion" he sought. On January 31, 2006, the Clerk's Office mailed notice of the Motion to Plaintiff and informed him of the need to respond if he disputed the Defendant's

3

contentions or wished to pursue the matter further. Plaintiff failed to respond in any way.

The Court has reviewed the evidence submitted by Defendant, and the Court notes that Plaintiff has failed to submit any evidence whatsoever in support of his claims. Based on the evidence presently before the Court, the Court concludes that Plaintiff was not qualified for the promotion he sought, and that Defendant did not discriminate against Plaintiff on the basis of his age. Defendant has established its entitlement to judgment as a matter of law, and Plaintiff has failed to establish any genuine issues of material fact. Therefore, the Court finds that dismissal would be appropriate pursuant to Federal Rule of Civil Procedure 56 because "'the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the [Plaintiff] cannot prevail under any circumstances.'" Campbell v. Hewitt, Coleman & Assocs., 21 F.3d 52, 55 (4th Cir. 1994) (quoting Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967)). Defendant's Motion for Summary Judgment will be granted, and Plaintiff's age discrimination claim will be dismissed.

IV. FAILURE TO PROSECUTE

Finally, the Court notes that dismissal is also appropriate pursuant to Federal Rule of Civil Procedure 41 based on Plaintiff's failure to prosecute or participate in this litigation. Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b); see also Porter v. Guarino, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (finding that dismissal was warranted pursuant to Rule 41

4

based upon the non-cooperation by the plaintiff, the history of delay, and the prejudice to defendants); Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding that dismissal pursuant to Rule 41 was appropriate based on the plaintiff's failure to comply with a court order where the district court's order included an "explicit warning that a recommendation of dismissal would result from failure to obey [the] order").

In this case, Plaintiff has failed to comply with the Rule 26(f) Scheduling Order entered in this case, and has also failed completely to participate in discovery in this case. Plaintiff's failure has resulted in significant prejudice to Defendant, based on the undue delay in resolving this case and the need for multiple motions in the face of Plaintiff's failure to participate in discovery and failure to comply with this Court's Orders. Plaintiff offers no justification for his failure and does not even attempt to establish that he was acting in good faith. Plaintiff, himself, appearing *pro se*, was directly responsible for all of his failures in this regard. In addition, Plaintiff has failed to respond to Defendant's Motion to Dismiss or Motion for Summary Judgment in any way, after he was warned by the Court that failure to respond or participate would result in dismissal of this action. Given Plaintiff's complete failure to respond or participate meaningfully in this case, the Court concludes that dismissal is also appropriate pursuant to Rule 41.

V.   CONCLUSION

For the reasons discussed above, Defendant's unopposed Motion to Dismiss [Document #12] and unopposed Motion for Summary Judgment [Document #17] will be GRANTED, and this case will be DISMISSED WITH PREJUDICE. An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 28th day of February, 2006.

                                                                         _____
                                                                         United States District Judge